IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS GONZALES, § | | |
| SPN #629731, TDCJ # 1170418, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-2307 |
| § | | |
| TEXAS BOARD OF PARDONS § | | |
| AND PAROLES, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Carlos Gonzales (SPN # 629731, TDCJ # 1170418), is currently in custody in the Texas Department of Criminal Justice, pursuant to a parole revocation. Gonzales filed a prisoner civil rights complaint seeking damages and complaining that Parole Board Officials denied him hearing devices and an interpreter at his revocation hearing. He also complains that he was denied a lawyer at the hearing and that the hearing officer was not fair and impartial. Gonzales has filed a motion to proceed *in forma pauperis*. After reviewing all of the pleadings and Gonzales's litigation history, the Court dismisses this case for the reasons that follow.

Under the three-strikes rule, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim

upon which relief may be granted unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).  Court records reflect that, while incarcerated, Gonzales has filed at least three civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief could be granted: (1) *Gonzales v. Dillards*, Civil No. H-05-1607 (S.D. Tex. Jul. 29, 2005); (2) *Gonzales v. Texas Board of Pardons and Paroles*, (S.D. Tex. Feb. 19, 2003); (3) *Gonzales v. Golding*, Civil No. H-98-3598 (S.D. Tex. Jun. 8, 2002).  Because of this record, Gonzales has incurred three "strikes" for purposes of the "three strikes rule" established by the Prison Litigation Reform Act (the "PLRA"). 28 U.S.C. § 1915(g).  Because Gonzales has three strikes against him, he may not proceed *in forma pauperis*, and his complaint is subject to dismissal, unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Gonzales's pleadings, which concern a parole revocation, do not demonstrate such danger.  *See Banos*, 144 F.3d at 884.

Gonzales cannot proceed as a pauper in this action because he alleges no facts which would indicate that he is in any immediate danger.  *Choyce v. Dominguez*, 160 F.3d 1068, 1070-71 (5th Cir. 1998).  Consequently, Gonzales's complaint is subject to immediate dismissal under 28 U.S.C. § 1915(g).  *See Comeaux v. Cockrell*, 72

F.App'x 54 (5th Cir. 2003).

In addition, Gonzales's claim that he was denied a fair parole revocation hearing does not support an actionable claim under 42 U.S.C. § 1983. A suit for damages under 42 U.S.C. §1983 must be dismissed when the plaintiff is attacking the validity of his criminal judgment unless he has shown that the judgment has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This requires a showing that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Morris v. McAllester*, 702 F.3d 187, 190 (5th Cir. 2012) (quoting *Heck*, at 486-87). *Heck* applies to parole revocation challenges. *Hoog-Watson v. Guadalupe County, Tex.*, 591 F.3d 431, 435 (5th Cir. 2009) (citing *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995); *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir.1995)); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Consequently, Gonzales's complaint has no basis in law and is subject to dismissal as frivolous. *Boyd v. Biggers*, 31 F.3d 279, 283 n.4. (5th Cir. 1994).

Gonzales has filed a motion for court appointed counsel [Doc. #9] which is **DENIED** because Gonzales has not presented any circumstances which warrant such appointment. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Ulmer*

*v. Chancellor,* 691 F.2d 209, 212 (5th Cir.1982). There is no general right to appointed counsel in civil rights cases. *Id.* (citing *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir.1987)).

Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. #2] is **DENIED** pursuant to 28 U.S.C. § 1915(g).

2. This case is **DISMISSED** because the plaintiff is barred from filing a complaint without paying the fee in advance and because the claims are frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915(g).

3. The plaintiff's motion for court appointed counsel [Doc. #9] is **DENIED.**

4. **The Clerk will provide copies of this Memorandum and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas on October 28, 2013.

_____
Nancy F. Atlas
United States District Judge